*Burke v. Menard*, 793-12-15 Wncv (Teachout, J., Sept. 15, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                             **Docket No. 793-12-15 Wncv**

**JAMES T. BURKE**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The State's Motion for Summary Judgment

Plaintiff James Burke, an inmate in the custody of the Commissioner of the Vermont Department of Corrections, claims in his amended complaint that the Department of Corrections has: (1) wrongfully charged him for the cost of photocopies for his legal filings even though he is indigent; (2) wrongfully charged him 5 cents per page rather than 4; (3) violated his constitutional right to access the courts in an unspecified manner; and (4) violated his Equal Protection rights by charging male inmates in out-of-state facilities more for photocopies than it charges male inmates in Vermont facilities. Mr. Burke is represented by Kelly Green, Esq. The State seeks summary judgment on all claims.

*Charging for photocopies*

Mr. Burke alleges that he is indigent, that he is charged for photocopies for legal documents nevertheless, and that a DOC directive prevents photocopy charges in that situation. See Directive 385.01 § 4.3.2.1.11 ("Indigent inmates will not be charged.").

The DOC's facts are that it charges all inmates 5 cents per page for legal photocopies. If an inmate is "indigent" and cannot reasonably pay for the copies upfront, the copies nevertheless are provided to the inmate for use in his legal cases. However, the expense is attributed to that inmate's account, which may become overdrawn, and settled when, or if, funds become available. The DOC's interpretation of its own policy is not unreasonable and the court defers to it.

The DOC further argues that Mr. Burke is *not* indigent as that term is defined in its policies and he does not qualify as indigent under its definition. Its definition of indigence is drawn from a different directive that excludes inmates from being considered indigent if they are capable of working, work is available, and yet they refuse to work. See Directive 409.05, Definitions, "Indigent inmate." It is undisputed that Mr. Burke is capable of working, work is available, and he refuses to work. He thus is not indigent as defined in See Directive 409.05.

He argues, however, that the definition of indigence from Directive 409.05 should not apply under Directive 385.01.  He also argues that he cannot work because he must and in fact does spend all of his reasonable available time working on his lawsuits.

Directive 385.01 uses the concept of indigence but does not independently define it.  It is not unreasonable for the DOC to use an express definition found elsewhere in its policies. The definition itself has a reasonable basis and it would not make sense to use different definitions of the same term in different parts of DOC policy. Moreover, Mr. Burke's preference to work on his lawsuits and refuse all work opportunities provided by the DOC is a choice as to how to use his time but the fact that this is the choice he makes does not exempt him from the definition of indigence under DOC policy and the consequences of that definition.  In any event, Mr. Burke has not been denied photocopies despite any inability to pay for them upfront.

*5 cents versus 4 cents*

Mr. Burke complains that he has been overcharged 1 cent per page because Directive 385.01 § 4.3.2.1.11 permits a 4-cent per page charge while the DOC imposes a 5-cent charge. On its face, § 4.3.2.1.11 expressly says that the cost is 4 cents per page.  It is undisputed, however, that to order photocopies, an inmate must fill out a form, which is referred to in § 4.3.2.1.11 and which specifies that the per page cost is 5 cents.  Evidently, at some point after Directive 385.01 was adopted, the Secretary of State amended the schedule of fees of public records requests, increasing the photocopy charge to 5 cents per page.  The DOC used that new 5-cent amount for its policy on inmate photocopies, and the form inmates use to request copies expressly so states.  The DOC has not, however, amended the language of Directive 385.01 to correspond to the new price reflected on the incorporated form.

These circumstances are unnecessarily confusing, but it is clear that the DOC is required to charge 5 cents per page for copies and that fact is stated on the form, thus giving adequate notice.  The DOC has not been overcharging Mr. Burke.

*Access to courts*

Without explanation, in his amended complaint and in argument, Mr. Burke asserts that the DOC has violated his right to access the courts.  To show a violation of the constitutional right to access the courts, one must show that a "nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (footnote omitted).  Considering the undisputed facts and the rulings above, Mr. Burke has not shown that he has any nonfrivolous legal claims or that any of his claims have been frustrated or impeded by the DOC.

*Equal Protection*

In his amended complaint, Mr. Burke claims a violation of the Equal Protection Clause, asserting that the DOC charges male out-of-state inmates more for photocopies than it charges male in-state inmates.  He does not appear to pursue this claim in opposition to summary judgment and nothing in the record of this case explains this claim more fully.  It is undisputed that the DOC's photocopy policy applies to in-state and out-of-state inmates alike.

2

ORDER

For the foregoing reasons, the State's motion for summary judgment is *granted*.

Dated at Montpelier, Vermont this _____ day of September 2017.

_____
Mary Miles Teachout
Superior Judge